MEMORANDUM *
Petitioners Denis Kallas (“Denis”), his wife Yaroslavna Kallas (‘Yaroslavna”), and *671 their daughter Margarita Kallas (“Margarita”), citizens of Ukraine, appeal the Board of Immigration Appeals’ (“BIA”) affir-mance of the Immigration Judge’s (“IJ”) order denying asylum, withholding of removal, and relief under the United Nations Convention Against Torture (“CAT”). The Kallases’ asylum application was based on persecution suffered as the result of Denis’s Tatar ethnicity and activism in a minority rights group in Ukraine, and on Yaroslavna’s Jewish ethnicity and participation in a student protest against anti-Jewish discrimination. The IJ denied the application because he found Denis and Yaroslavna not credible.
We have jurisdiction under 8 U.S.C. § 1252. We conclude that the IJ’s adverse credibility determinations were not supported by substantial evidence, and that the evidence compels a contrary conclusion. We therefore grant the petition and remand to the BIA for further proceedings.
We address each of the IJ’s reasons for his adverse credibility determination:

Denis Kallas

1. The IJ accused Denis of making inconsistent statements; this is not supported by the record. For instance, there is no inconsistency between Denis’s written declaration that he was detained for 3 days, and his oral testimony that he was taken out of his cell “in the third day.” Nor is there any inconsistency between Denis’s written declaration that a “small crowd” gathered at the demonstration in Kiev, and his oral testimony that “many people” participated in the demonstration.
2. The IJ made speculative assertions about how Denis should have behaved. For instance, he speculated that Denis would not have left his wife and child in Ukraine if they had really been attacked by UNA-UNSO. Speculation about how people would behave in a given situation cannot support an adverse credibility determination. See, e.g., Zhou v. Gonzales, 437 F.3d 860, 865 (9th Cir.2006); Kumar v. Gonzales, 444 F.3d 1043, 1050-53 (9th Cir.2006).

Yaroslavna Kallas

1. The IJ rested on several incorrect factual determinations. For instance, the IJ stated that Yaroslavna claimed that she needed only 7 days of bed rest following the UNA-UNSO attack. Yaroslavna specifically testified that she stayed in bed for 14 days. Likewise, Yaroslavna never claimed that the administration of her school approved the students’ protest. Rather, she testified that “they didn’t allow us to stage that meeting inside, so it was outside on the street.” The IJ’s factual assertions are not supported by the record.
2. The IJ accused Yaroslavna of making inconsistent statements; this is not supported by the record. For instance, there is no inconsistency between Yaros-lavna’s contention that she was hit with a police baton, and her testimony that “I didn’t really suffer physically.”
3. Contrary to our case law, the IJ found Yaroslavna’s testimony that she was raped by her jailers implausible because she did not seek medical treatment. A victim of sexual assault does not automatically compromise her credibility by failing to report the assault at the first opportunity. Kebede v. Ashcroft, 366 F.3d 808, 811 (9th Cir.2004). This logically includes failure to seek medical treatment.
Notwithstanding the high degree of deference afforded to the IJ’s credibility determination, the IJ must provide “‘a *672 specific, cogent reason for any stated disbelief.’ ” Gui v. INS, 280 F.3d 1217, 1225 (9th Cir.2002) (citation omitted). As none of the grounds provided by the IJ support an adverse credibility determination, substantial evidence compels the conclusion that Denis and Yaroslavna testified credibly.
We therefore remand this matter to the BIA under INS v. Ventura, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). See also He v. Ashcroft, 328 F.3d 593 (9th Cir.2003). Because it is “apparent from the record before us that the IJ and BIA have listed all possible reasons to support an adverse credibility determination, and they are inadequate in law or not supported by substantial evidence,” Soto-Olarte v. Holder, 555 F.3d 1089, 1095 (9th Cir.2009), on remand the BIA shall credit Petitioners’ testimony as true and proceed to determine whether they are entitled to relief from removal. In light of our disposition, we need not address Petitioners’ due process claims.
PETITION FOR REVIEW GRANTED IN PART AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided *671 by 9 th Cir. R. 36-3.